MATTER OF CHIN

In Visa Petition Proceedings

A-14891224

*Decided by Board September 25, 1974*

Petitioner sought preference immigrant status under the Immigration and Nationality
Act for the beneficiary as his adopted son pursuant to sec. 12 of the Hong Kong Births
and Deaths Registration Act which considers every child of every Chinese male to be a
legitimate child, and deems the Chinese male to be the father of the child. Beneficiary's
birth was duly registered, listing petitioner as beneficiary's father. The petition is
denied because petitioner who was a native and citizen of the United States, and who
was not in China when the beneficiary was born, cannot be considered as a "Chinese
male" as contemplated by the above registration act, nor can the relationship required
by section :01(b)(1)(C) of the Act be said to exist. The petition was properly denied.

ON BEHALF OF PETITIONER:                     ON BEHALF OF SERVICE:
    Edward Hcng, Esquire                         Charles Gordon
    36 Division Street                           General Counsel
    New York, New York 10002

This case is before us upon the motion of the Service to reconsider our
decision of June 18, 1969 in which we approved the instant visa petition.
The motion will be granted, the order granting approval of the petition
will be withdrawn, and the petitioner's appeal will be dismissed.

The United States citizen petitioner is seeking preference status for
the beneficiary as his adopted son under the Immigration and Na-
tionality Act. He asserts that the beneficiary was born in Hong Kong
on February 10, 1960 as the result of his relationship with a servant
living in his household in Hong Kong. He claims that he took the servant
as his concubine according to Chinese law and custom, and that the
beneficiary is therefore his legitimate son. A birth certificate issued by
the Registrar of Births in Hong Kong has been presented. That certifi-
cate indicates that the beneficiary's birth was registered on March 30,
1960, and it names the petitioner as the father.

In our prior opinion we agreed with the district director's finding that
the petitioner had not established that the beneficiary's mother was his
concubine. See *Matter of Kwan*, 13 I. & N. Dec. 302 (BIA 1969).
Nevertheless, we determined that, by virtue of Section 12 of the Hong
Kong Births and Deaths Registration Ordinance, the beneficiary was
the petitioner's legitimate child. That latter conclusion was in error.

Section 12 of the Hong Kong Births and Deaths Registration Act provides:

> In the case of an illegitimate child, no person shall, as father of such child, be required to give information concerning the birth of such child, and there shall not be entered in the register the name of any person as father of such child, except at the joint request of the mother and of the person acknowledging himself to be the father, and such person shall in such case sign the register together with the mother. *For the purposes of this Ordinance every child of every Chinese male shall be deemed to be a legitimate child, and such Chinese male shall be deemed to be the father of such child.* (Emphasis supplied.)

The petitioner is a native-born United States citizen who was domiciled in the United States at the time of the beneficiary's birth and thereafter. Consequently, we hold that the petitioner is not a "Chinese male" for the purposes of Section 12 of the Hong Kong Births and Deaths Registration Ordinance. We therefore retract the language in our prior decision holding that the beneficiary was the petitioner's legitimate child by virtue of Section 12. Additionally, we note that the petitioner has submitted no evidence to show that the beneficiary qualifies as his legitimated child under section 101(b)(1)(C) of the Immigration and Nationality Act.

The Service's motion to reconsider will be granted, our prior order approving the visa petition will be withdrawn, and the petitioner's appeal will be dismissed.

ORDER: The motion is granted, our decision of June 18, 1969 is withdrawn, and the appeal is dismissed.